UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 17-CR-27

JAMES ROBERT KASTER,

    Defendant.

## ORDER DENYING MOTION FOR RELEASE OF FUNDS

On August 15, 2017, after entry of a plea of guilty, James Robert Kaster was convicted of knowingly possessing and using, without lawful authority, a means of identification of another, person, to wit, a birth certificate in the name of G.M.K., in relation to bank fraud, a felony violation enumerated in 18 U.S.C. § 1028A(c). Kaster was sentenced on October 31, 2017, to 24 months imprisonment, to be followed by 1 year of supervised release. Before the court is Kaster's motion seeking an order of the court directing 1st Community Credit Union to release $859.87 held in an account at their institution. The account was fraudulently created by Kaster using the identification and name of another, and the use of that identification resulted in the violations charged in this case. Kaster alleges that the credit union declines to release the funds absent a court order.

The court directed the government to file a response to Kaster's motion, and they have now done so. The government construes the motion as a request for a return of property under Fed. R. Crim. P. 41(g), and indicates that the funds are not in the possession, custody, or control of the United States, because the government did not elect to seize the funds. Therefore, the government contends that the motion should be denied as moot.

Kaster's motion states that he did in fact create the account using the name and identification of another, and that he did so in order to direct deposit wages that he was paid for work he himself performed. He alleges that, after disclosing to his employer that he had, in fact, been working under an assumed name, the employer corrected his name on his employment records but still direct deposited his final paycheck into the fraudulently created account (instead of issuing a paper paycheck) but the check was written out to his correct name. *See* ECF No. 30-1 at 11–12. Kaster asserts that 1st Community Credit Union deposited the final paycheck written out to "James R. Kaster" into the fraudulent account created under the name of G.M.K. without question. Kaster alleges no other person has a claim to the funds, since it was for work he actually performed.

Whether this court construes Kaster's request as a request for return of property, as government contends, or as a request that this court simply order 1st Community Credit Union to release the funds to the defendant is of no moment. The government does not have the funds to which Kaster claims he is entitled, and neither the government nor the court has any control over or access to those funds. As to 1st Community Credit Union, it is not a party to this action and, thus, the court does not have jurisdiction over it. If Kaster believes the credit union is wrongfully holding funds that belong to him, he can sue the credit union. To the extent the credit union is concerned that the funds were fraudulently obtained by Kaster, I note that no restitution was requested or ordered and the case is closed.

Accordingly and for the reasons set forth above, Kaster's motion is denied.

**SO ORDERED** this   24th   day of October, 2018.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court